UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
THE ANNUITY, WELFARE AND                                     :
APPRENTICESHIP SKILL IMPROVEMENT                             :
& SAFETY FUNDS OF THE                                        :
INTERNATIONAL UNION OF OPERATING                             :
ENGINEERS LOCAL 15, l 5A, l 5C & 15D,                        :
AFL-CIO, BY THEIR TRUSTEES JAMES T.                          :
CALLAHAN, THOMAS A. CALLAHAN,                                :
MICHAEL SALGO and DENISE M.                                  :
RICHARDSON, CENTRAL PENSION FUND                             :
OF THE INTERNATIONAL UNION OF                                :     **MEMORANDUM DECISION**
OPERATING ENGINEERS, BY ITS CHIEF                            :     **AND ORDER**
EXECUTIVE OFFICER MICHAEL A.                                 :
CRABTREE, and INTERNATIONAL UNION                            :     18-cv-5697 (BMC)
OF OPERATING ENGINEERS LOCAL 15,                             :
15A, 15C & 15D,AFL-CIO BY ITS                                :
PRESIDENT & BUSINESS MANAGER                                 :
THOMAS A. CALLAHAN,                                          :
                                                             :
                              Plaintiffs,                    :
                                                             :
              - against -                                    :
                                                             :
PROESSIONAL PAVERS CORP.,                                    :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ X

**COGAN**, District Judge.

   Before the Court is plaintiffs' motion for a default judgment.

## BACKGROUND

   Plaintiffs – the "Local 15" labor organization, its trust funds and employee benefit plans,

and its fiduciaries – and defendant are parties to an independent signatory collective bargaining

agreement ("CBA") that covers employees who perform heavy construction work.

   Plaintiffs allege that from July 1, 2014 through the present, defendant has failed to remit

an approximate amount of $100,000 in fringe benefit contributions, supplemental union dues,

and political action committee payments as required by the CBA, potentially by underreporting the number of its employees and the hours and wages paid to its employees. Although plaintiff formally requested the production of defendant's books and records to determine the veracity of their claim, defendant refused to cooperate.

Plaintiffs commenced this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132(g)(2) and 1145 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), seeking to compel an audit of defendant's payroll records and recover contributions, dues, and payments owed to them under the CBA. Defendant has failed to answer or otherwise respond to the complaint in a timely manner, and the Clerk has entered its default. Following the Clerk's entry of default, plaintiffs filed the instant motion for a default judgment.

## DISCUSSION

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "[A] default is an admission of all well-pleaded allegations against the defaulting party." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004). But "[t]he entry of a default, while establishing liability, 'is not an admission of damages.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (quoting Finkel v. Romanowicz, 577 F.3d 79, 83 n. 6 (2d Cir. 2009)).

Rather, unless the requested relief is for a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Before entering a default judgment, "a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's]

liability as a matter of law.'" <u>Mickalis Pawn Shop</u>, 645 F.3d at 137 (quoting <u>Finkel</u>, 577 F.3d at 84).  The Court can conduct a hearing to determine the amount of damages or establish the truth of the evidence, but it need not if it has "ensured that there was a basis for the damages specified in the default judgment." <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).  The entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." <u>Id.</u>

In support of their motion for default judgment, plaintiffs submit the affidavit of Catherine Chase, who is the Funds Administrator for one of plaintiffs' trust funds, and the affidavit of James M. Steinberg, plaintiff's attorney.  These affidavits discuss and annex, respectively, the agreements at issue.

Pursuant to the independent signatory agreement between Local 15 and defendant, the parties agreed to be bound by the terms of the CBA covering employees who perform heavy construction work.  As relevant here, the terms of that CBA provide that participating employers – including defendant – must remit fringe benefit contributions, supplemental union dues, and political action committee payments to Local 15 and its trust funds.  The CBA also incorporates the trust agreements for Local 15's trust funds, to which defendant agreed to be bound.  Those trust agreements provide that the trustees or their authorized representatives may examine defendant's books and records, which defendant has refused, and which plaintiffs seek to compel through this litigation.

ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), provides that in an action by a fiduciary or on behalf of an employee benefit plan to enforce the nonpayment of contributions,

the Court may "award . . . such [] legal or equitable relief as the court deems appropriate." It is "well settled that equitable relief in this context includes an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records." Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 276 (S.D.N.Y. 2015); see also Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Ben. Fund, Vacation & Holiday Fund & 401(k) Sav. Plan v. Arista Plumbing Heatings & Piping Corp., No. 12-CV-5130, 2014 WL 888377, at *7 (E.D.N.Y. Mar. 6, 2014) ("Courts have regularly granted such requests using Section 502(g)(2)(E) as the statutory basis for an order compelling a defendant-signatory to produce books and records in compliance with their CBA obligations under ERISA.").

Just because plaintiffs have suffered statutory violations, however, does not automatically entitle them to equitable relief under ERISA. Plaintiffs must show that "the injury [they] will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." Car-Wi Const., 88 F. Supp. 3d at 276. They have satisfied these conditions here. By virtue of its default, defendant has admitted that it has not remitted to plaintiffs an accurate amount of contributions, dues, and payments since becoming a party to the CBA – potentially in the amount of $100,000. And plaintiffs point out that they cannot know whether they are in fact entitled to monetary damages (and if so, in what amount) until they conduct an audit of defendant's books and records as provided in the trust agreements to which defendant is bound. Thus, injunctive relief is necessary to effectuate plaintiffs' rights under the CBA and the trust agreements. Should plaintiffs believe after conducting their audit that defendant is liable to them for monetary damages, plaintiffs may later apply for that relief.

Plaintiffs also seek $2,775 in attorney's fees and $590 in costs, as is their right under ERISA and the trust agreements at issue. See 29 U.S.C. § 1132(g)(2)(D). Counsel billed 7.5

hours of work at $370 per hour, which consisted of preparing the summons and complaint and preparing the papers for the instant motion for default judgment.  This work at this rate is reasonable, and therefore, plaintiffs' request for attorney's fees is granted.  As for costs, plaintiffs request compensation for $190 in payments made to their process server and the $400 filing fee. This were necessary steps to commencing this ERISA action, so the Court finds that $590 is a reasonable amount of costs.  Together, plaintiffs are entitled to $3,365 in attorney's fees and costs.

## CONCLUSION

Accordingly, plaintiffs' [11] motion for a default judgment is GRANTED.

**SO ORDERED.**


Dated: Brooklyn, New York
     April 4, 2019

_____
                     U.S.D.J.